**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: 05-37635-DWS |
| | ) | |
| Danielle J. Brandon aka Danielle Mobley | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | MOTION NO: |
| | ) | |
| EMC Mortgage Corporation as servicing | ) | DATE OF HEARING: September 26, 2006 |
| agent for LaSalle Bank National | ) | TIME OF HEARING: 9:30 a.m. |
| Association ("Assignee"), formerly known | ) | **PLACE OF HEARING:** |
| as LaSalle National Bank, in its capacity as | ) | **U.S. Bankruptcy Court** |
| indenture trustee under that certain Sale | ) | **Robert N.C. Nix Federal Courthouse** |
| and Servicing Agreement dated December | ) | **Courtroom No. 3** |
| 1, 1999 among AFC Trust Series 1999-4, | ) | **900 Market Street** |
| as Issuer, Superior Bank F | ) | **Philadelphia, PA  19107** |
| | ) | |
| Movant, | ) | |

vs.

Danielle J. Brandon aka Danielle Mobley,
Debtor and William C. Miller, Trustee

   Respondents.

**EMC MORTGAGE CORPORATION AS SERVICING AGENT FOR LASALLE BANK NATIONAL ASSOCIATION ("ASSIGNEE"), FORMERLY KNOWN AS LASALLE NATIONAL BANK, IN ITS CAPACITY AS INDENTURE TRUSTEE UNDER THAT CERTAIN SALE AND SERVICING AGREEMENT DATED DECEMBER 1, 1999 AMONG AFC TRUST SERIES 1999-4, AS ISSUER, SUPERIOR BANK F FOR RELIEF FROM THE AUTOMATIC STAY WITH A PROSPECTIVE BAR AGAINST RE-FILING TO PERMIT MOVANT TO FORECLOSE ON 1570 ROOSEVELT DRIVE, SHARON HILL, PA 19079**

AND NOW, comes EMC Mortgage Corporation as servicing agent for LaSalle Bank National Association ("Assignee"), formerly known as LaSalle National Bank, in its capacity as indenture trustee under that certain Sale and Servicing Agreement dated December 1, 1999 among AFC Trust Series 1999-4, as Issuer, Superior Bank F (hereinafter "Movant"), by and through its attorneys, Grenen & Birsic, P.C., files the following Motion for Relief from the

Automatic Stay With a Prospective Bar Against Re-Filing and in support thereof avers the following:

1. On or about October14, 2005, the Debtor filed a Voluntary Petition Under Chapter 13 of the Bankruptcy Code.

2. Movant is a party-in-interest as it is a secured creditor of the Debtor.

3. On or about August 31, 1999, the Debtor borrowed funds from Arlington Capital Mortgage Corporation pursuant to a Note in the original principal amount of $40,000.00.

4. As security for repayment of the Note, the Debtor executed and delivered to Arlington Capital Mortgage Corporation a Mortgage on real property and improvements thereon commonly known as 1570 Roosevelt Drive, Sharon Hill, PA 19079 (hereinafter "Mortgaged Premises"), which Mortgage was recorded in the Office of the Recorder of Deeds of Delaware County.  The Note and Mortgage have been subsequently assigned to Movant.  Upon information and belief, Movant holds a lien against the Mortgaged Premises.

5. At the time of recording, the Mortgage became a first priority mortgage lien upon the Mortgaged Premises.

6. Movant believes and therefore avers that the Debtor does not have any equity in the Mortgaged Premises.  As of October14, 2005, the amount needed to payoff this Mortgage was $64,544.16.

7. As of this writing, the Debtor is in default under the terms of the Note and Mortgage for the failure to make the post-petition regular monthly payment for July through August 2006 in the amount of $781.94 per month.

8. However, the history of this loan reflects that additional cause exists for a grant of relief from stay, as stated further in the following.

9. The Debtor filed a Voluntary Petition Under Chapter 13 of the Bankruptcy Code on June 7, 2004, at case #04-17906-DWS.

10. On December 6, 2004, Movant was forced to file a Motion for Relief from Stay due to the Debtor's failure to continue to make the regular monthly post-petition mortgage payments. The hearing on the Motion was scheduled for January 6, 2005.

11. A Certificate of No Response to the Motion for Relief from Stay was filed on December 22, 2004, and relief from stay was granted on January 6, 2005.

12. This case was dismissed on January 13, 2005, on the Trustee's Motion.

13. Debtor proceeded to file a second (2nd) Voluntary Petition Under Chapter 13 of the Bankruptcy Code on February 8, 2005, at case #05-11741-DWS.

14. Movant was once again forced to file a Motion for Relief from Stay due to the Debtor's failure to make the post-petition monthly payments. The hearing on this Motion was scheduled for October 4, 2005.

15. This case was dismissed on September 22, 2005, prior to the hearing on the Motion for Relief from Stay.

16. This latest case was filed on October 14, 2005. At the time of the filing of this latest case, the Mortgaged arrears have grown to twenty-one (21) payments, and the arrears due and owing to Movant as of the date of the bankruptcy filing have grown to $25,327.92. At the time of the first Chapter 13 filing in 2004, the

      mortgage was ten months behind, which demonstrates how the Debtor has used the Chapter 13 process to fall further behind.

17. A delay of the consideration of these issues will only ultimately result in greater loss after the ultimate disposal of the Mortgaged Premises. The Debtor has already had opportunities in two (2) prior Chapter 13 cases to demonstrate her ability and willingness to fund a Chapter 13 Plan, and Movant has demonstrated a willingness to work with the Debtor in the past. Movant believes that the record demonstrates that the Chapter 13 Plan cannot and will not work in this case.

18. Based upon the foregoing, Movant lacks adequate protection of its security interest in the Mortgaged Premises.

19. The automatic stay of Section 362 of the Bankruptcy Code should be terminated with respect to the interests of Movant in the Mortgaged Premises, pursuant to Section 362(d)(1), because Movant lacks adequate protection of its security interest in the Mortgaged Premises and pursuant to Section 362(d)(2), because the Debtor does not have any equity in the premises.

**WHEREFORE,** Movant respectfully requests this Honorable Court terminate the automatic stay as it affects the interests of Movant in the real property and improvements thereon commonly known as 1570 Roosevelt Drive, Sharon Hill, PA 19079.

It is further requested that any future bankruptcy petitions filed by the Debtor within one hundred eighty (180) days from the date of this Order shall have no effect on the Movant's state court foreclosure or ejectment actions regarding the Debtor's real property situated at 1570 Roosevelt Drive, Sharon Hill, PA 19079.

It is further requested that this grant of relief from stay shall remain in full force and effect, notwithstanding any subsequent conversion of this case to another chapter.

                                                  Respectfully submitted,

                                                  GRENEN & BIRSIC, P.C.

By:      /s/ Gary J. Gaertner
         Gary J. Gaertner, Esquire
         PA ID No. 90625
         Attorneys for Movant
         One Gateway Center, 9th Floor
         Pittsburgh, PA  15222
         412-281-7650